UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE WASHINGTON,<br><br>      Plaintiff,<br><br>  vs.<br><br>J. TURNER, *et al.*,<br><br>      Defendants. | Case No. 2:01-cv-01677-JKS<br><br>ORDER<br>[Re: Motion at Docket 90] |

## I.  BACKGROUND

At docket 90 defendants J. Turner and D.A. Park moved to dismiss or, in the alternative, for summary judgment in their favor.  Plaintiff DeWayne Washington opposed this motion.  At docket 106 the court, addressing the pending motion, entered an Order directing the State to file a supplemental brief addressing the circumstances surrounding the creation of Washington's medical chronos dated March 21, 2001.  Specifically, the State was directed to support the brief with the affidavit of the doctor who signed the chrono(s), as well as that of any other prison official who may have been involved in the creation of the chrono(s).  At docket 111 the State filed its supplemental brief together with the Declarations of S.M. Roche, M.D. and V. Munoz, a medical office assistant.  At docket 115 Washington filed his response.  No reply was filed.

The court having reviewed the supplemental brief and response thereto has determined that oral argument would not assist the court in deciding the motion.

## II.  DISCUSSION

The court thoroughly and exhaustively discussed the unresolved factual disputes involved in this case in the order at docket 106 and, in the interests of brevity, will not repeat them here.

The supplemental briefing reveals two significant points.  First, Dr. Roche acknowledges that the signature on both chronos is his but he has no recollection of the events surrounding their creation.  Second, the Munos declaration indicates that she processed a chrono dated March 21, 2001, was processed by her several days later on March 27, 2001, without identifying which

of the two chronos was processed.  Munos also states that under normal operating practice a chrono is not delivered to the inmate until after it is processed.  The supplemental briefing does nothing to resolve the factual dispute that the court noted in its previous order at docket 106 was central to its ability to rule in favor of the defendants on their motion at docket 90, *i.e.*, the discrepancy between the two chronos.

Notwithstanding this situation, the State argues that the Munoz declaration clearly establishes that Washington could not have had the chrono on March 22, 2001, the date he claims to have shown it to defendant Turner.  Therefore, the State concludes the Eighth Amendment Claim against Turner should be dismissed.  Unfortunately, the State's argument falls wide of the mark.  At best, from the standpoint of Turner, the Munoz declaration simply undermines the credibility of Washington, who has asserted under oath that he did in fact show the chrono to Turner.  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[1]  But more importantly, defendant Park admits that on March 22, 2001, he was shown a medical chrono dated March 21, 2001.[2]  Turner, on the other hand, merely has no recollection of being presented with a copy of the chrono.[3]  The evidence submitted by the State not only seriously undermines, if not eviscerates, the argument now advanced by the State, but may also undermine the credibility of its own witnesses.

III.  CONCLUSION

For the foregoing reasons and those stated in the court's prior Order at docket 106, the motion at docket 90 is DENIED.

Dated: April 27, 2006

s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge

---

[1] *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986).

[2] Docket 91, Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment ("Defendants' Memo"), Exhibit B, Declaration of D.A. Park, ¶ 3.

[3] Defendants' Memo, Exhibit C, Declaration of J. Turner-Gamberg, ¶ 3.